## Estate of William Stevenson, deceased. Appeal of Carrie Schollenberger, Trustee, and Robert M. Curran.

*Decedents' estates—Trust and trustee—Mortgage for improvement of real estate—Defective record—Appeal—Review.*

The Supreme Court will affirm a decree of the Superior Court reversing a decree of the orphans' court granting a petition to a trustee to mortgage real estate to alter a dwelling house into a store, where the record is in such a defective condition that it is impossible to ascertain what facts were developed by the testimony.

Argued March 21, 1898. Appeal, No. 137, Jan. T., 1897, by Carrie Schollenberger et al., from decree of Superior Court, Nov. T., 1896, No. 18, reversing decree of O. C. Phila. Co., Oct. T., 1887, No. 480, granting leave to mortgage under the Price act. Affirmed.

Appeal from Superior Court.

The facts appear by the report in 4 Pa. Superior Ct. 46.

*Error assigned* was decree of the Superior Court.

———— Chapman, of *Chapman & Chapman,* for appellants.

B. F. Fisher, for appellees.

OPINION BY MR. JUSTICE FELL, May 23, 1898:

The petition in this case was by the life tenants for permission to the trustee to mortgage certain real estate of the decedent in order to raise a fund to be applied to the alteration of a dwelling house to a store. The answer did not deny that the proposed change in the character and use of the building would benefit the remaindermen to the extent of the money expended by adding to its permanent value, but suggested a doubt only whether it would have that effect. The exhibits which were used when the testimony was taken by the examiner, and which showed the character of the proposed improvements, were not before the orphans' court at the hearing, and it was left to act without satisfactory evidence to show to what extent if any the expenditure was required to repair waste negligently permitted by the trustee. With this imperfect proof, but with the averments of the petition undenied by the answer, the orphans' court, apparently with some hesitation, granted the prayer of the petition.

From the opinion of the Superior Court we learn that the case was there presented in such an incomplete and fragmentary way that it was impossible to ascertain what facts were developed by the testimony. Without determining whether the cost of the improvements should be borne by the life tenants or the remaindermen, that court reversed the decree and remitted the record for further proceedings. This is the decree appealed from, and as it is evident from the opinions of both courts that there should be a fuller development of the facts bearing on the question in controversy, the decree of the Superior Court is affirmed.